ROBERTSON v. BOARD OF SUPERVISORS OF LEFLORE COUNTY.

[81 South. 408, Division A. No. 20751.]

1. COUNTIES. *Bond issue. Statutes. Leflore county.*

The right of Leflore county to issue the remainder of a bond issue approved by a majority of the electors of the county under Laws 1916, chapter 424, section 3, was not revoked by Laws 1918, chapter 209, since the former statute was not repealed by the latter.

2. SAME.

Section 4, chapter 209, Laws 1918, does not designate any particular serial payment plan, upon which bonds shall be issued and hence does not conflict with the serial payment plan provided by section 2 of chapter 424, Laws 1916.

3. COUNTIES. *Bond issues. Maturity.*

Section 4, chapter 424, Laws 1916, does not require that the bonds to be issued shall mature at the expiration of the first year after the issuance thereof.

APPEAL from the chancery court of Leflore county. HON. JOE MAY, Chancellor.

Bill by M. E. Robertson against the Board of Supervisors of Leflore County. Bill dismissed and complainants appeal.

The facts are fully stated in the opinion of the court.

*Means Johnson,* for appellant.

Appellant contends, first, that the proposed issue of bonds are not serial bonds as intended and prescribed by section 4 of chapter 209 of the Acts of 1918. Section 2 of Chapter 424 of the Acts of 1916, provides that: "The bonds issued under the authority of this act, shall be payable in installments as follows, that is

to say: From the fifth year after the issuance of each block of said bonds as herein after provided; one-twentieth of each separate issue of said bonds shall be payable annually thereafter with interest, evidenced by the proper coupons attached to said bonds.''

Appellant contends that the provision for the issuance of these bonds under section 2 is not the kind of serial bonds provided by section 4 of chapter 209 of the Acts of 1918. That while it is true that one-twentieth of said bonds shall be payable annually after the fifth year, that the issuance of said bonds does not begin as soon as the bonds are authorized to be issued; in other words, that there is an absence of five years before said bonds begin to mature one-twentieth each year.

Appellant, therefore, contends that inasmuch as there is a conflict between said Act, that the Act of 1916 is repealed by chapter 209 of the Acts of 1918, and therefore, the issuance of said bonds would be illegal and void.

Appellant also contends that chapter 209 of the Acts of 1918 is a general law and as such repeals chapter 424 of the Acts of 1916, a local act, because of the inconsistency and repugnancy between the two acts, the Act of 1916 being a local law and the Act of 1918 being a general law, the local law must fall and be repealed by the general law of 1918.

''Where two legislative Acts are repugnant to, or in conflict with, each other, the Act last passed being the latest expression of the legislature's will, must govern, although it contains no repealing clause. 36 Cyc. 1073; 38 Miss., 334; 44 Miss., 808; 56 Miss. 232.

Appellant respectfully submits that the Local Act of 1916 is repealed by the General law of 1918, and therefore the action of the chancellor in sustaining said demurrer and dismissing appellant's bill is error, and that this cause must be reversed.

*Gardner, McBee & Gardner* for appellee.

In answer to appellant's first contention that chapter 209 of the Acts of 1918 repealed chapter 424 of the Acts of 1916, we beg to say, that there is no conflict between the local act known as chapter 424 of the Acts of 1916, and the general law, known as chapter 209 of the Acts of 1918. It is elementary that the law does not favor the repeal of the statute by implication, and the rule is that when a repeal by implication is allowed, the extent of the repeal will be only so far as there is a plain and manifest repugnancy between the two statutes. 23 Miss. 68; 49 Miss. 1; 40 Miss., 268; 74 Miss. 526; 93 Miss. 310.

We submit that there is no repugnancy between these two statutes. The bonds authorized to be issued and which were to be issued by our board of supervisors, were authorized by an election which is one of the conditions imposed by said chapter 209. It is also elementary that even where there is any conflict between statutes, that the courts will, if possible, adopt such construction as will give effect to both. *Smith Vicksburg,* 54 Miss. 615.

And again it is elementary that where two statutes are seemingly repugnant, they must be so construed, if possible, that the latter shall not be a repeal of the former by implication. 30 Miss. 583; 36 Miss. 669; 38 Miss. 334.

We submit that the bonds which are authorized to be issued under section two of said chapter 424, are really authorized "On the serial payment plan," which plan is the one provided for by said chapter 209.

Section two provides as follows: "The bonds issued under the authority of this act shall be payable in installments, as follows, that is to say: from the fifth year after issuance, of each block of said bonds, as hereinafter provided, one twentieth of each separate issue of said bonds shall be payable annually, thereafter with interest, evidenced by the proper coupons attached to said

bonds." In this connection, we would call the court's attention to section six of the same chapter, which provides: "The bonds herein authorized shall be issued and sold from time to time, only as the same shall be needed to pay for work actually contracted for in blocks of not exceeding $100,000, etc. The court will notice that the $600,000 which were authorized by this act to be issued after an election shall have been held, in which authority is given to issue these bonds, that all of said bonds are not to be issued at once, but only in "blocks" of not exceeding $100,000 as needed," and when issued the bonds are not to mature, under section one of said Act, later than twenty-five years from their date, the bonds when issued, to be paid in equal installments after the fifth year; that is to say, for the first five years no part of the bonds are to be made payable, but beginning with the sixth year, one-twentieth of the block to be issued, shall be issued payable annually thereafter, or in other words, the bonds are to run for twenty years from the fifth year, one-twentieth payable each year with interest. We confidently submit that this provision for the payment of these bonds in installments of one-twentieth each year, is in truth and fact a "serial payment plan," provided for by said chapter 209 of the Acts of 1918. The very meaning af the word serial, as shown by Webster's Dictionary, is, when used in connection with bonds, that part of said bonds are redeemable at different specified times.

It was evidently the purpose of the legislature in the passage of said chapter 209, to prevent the issuance of bonds payable at a distant date from their issuance, with only the payment of interest annually thereafter until the maturity of the bonds, in other words, it was evidently the purpose of the lagislature, not to let these bonds mature in a "lump," but to be payable annually in a series of bonds so as to equalize the burden of their payment.

Chapter 424 is a local act, and we contend that this local act is not repealed by the general Act of 1918, as it is not a case of where there is a codification or revilion of all acts pertaining to the revision of bonds, and the repeal of this local act is not provided for by express words, nor does a repeal of this local act arise by necessary implication.

"When a provision of the general law, applicable to the entire state is repugnant to the provisions of a previously enacted special law, applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either in whole or in part, unless such modification or repeal is provided for by express words, or arises by necessary implication." 36 Cyc. 1090.

SMITH, C. J., delivered the opinion of the court.

The appellant sought by his bill of complaint filed in the court below to restrain the appellee from issuing its bonds to the amount of five hundred thousand dollars. The bill alleged, in substance that in April, 1916, the appellee was authorized by a majority of the qualified electors of Leflore county voting in an election held for that purpose, under section 3 of chapter 424, Laws of 1916, to issue bonds in an amount not to exceed six hundred thousand dollars in accordance with the provisions of the statute under which the election was held; that in May, 1916, the appellee issued bonds to the amount of one hundred thousand dollars pursuant to the statute and the election held thereunder, and that it is the intention of the appellee to issue the remainder of the bonds authorized by the statute and the election. The appellee demurred to the bill, the demurrer was sustained, and the bill dismissed; hence this appeal.

The contentions of the appellant are that: First, chapter 424, Laws of 1916, under which the bonds here in question are to be issued, was repealed by chapter

119 Miss.—40

209, Laws of 1918; but, if mistaken in that, then second, under section 2 of chapter 209, Laws of 1918, no bonds can be issued by any county, municipality, or other taxing district, unless authorized by a majority of the electors who shall vote in an election called for that purpose after the enactment of that statute; and third, that the proposed bonds are not to be issued on the serial payment plan contemplated by section 4 of chapter 209, Laws of 1918.

Chapter 209, Laws of 1918, repeals prior statutes only in so far as it conflicts therewith, and there is no conflict between it and chapter 424, Laws of 1916.

There is no conflict between section 2 of chapter 209, Laws of 1918, and section 3 of shapter 424, Laws of 1916. Consequently the authority to issue the bonds here in question, granted to the appellee by the electors of Leflore county at the election held under the law of 1916, was not revoked by the statute enacted in 1918, which statute does not require the election referred to in section 2 therein to be held after its enactment.

Section 4 of chapter 209, Laws of 1918, does not designate any particular serial payment plan upon which bonds shall be issued, and consequently does not conflict with the serial payment plan provided by section 2 of chapter 424, Laws of 1916.

Section 4 of chapter (209) Laws of (1918) does not require, as the appellant seems to think, that the bonds to be issued shall commence to mature at the expiration of the first year after the issuance thereof.

*Affirmed.*