CONNERS v. HOUMA PACKING CO., INC., ET AL.

—

(December 16, 1929. Opinion and Decree.)

—

Terriberry, Young, Rault & Carroll, of New Orleans, attorneys for plaintiff, appellant.

John C. Hollingsworth and Lloyd A. Ray, of New Orleans, attorneys for Linest Picou, defendant, appellee.

N. H. Polmer, of New Orleans, and Claude Ellender, of Houma, attorneys for Houma Packing Co., Inc., defendants, appellees.

JANVIER, J. Plaintiff seeks to recover $200 as the cost of repairs to his automobile, made necessary by its running into a post on the neutral ground of St. Charles Avenue. He alleges that he ran it into the post in an effort to avoid striking a truck owned by defendant, Picou, and driven by an employee of defendant, Houma Packing Company, Inc.

The trial court dismissed the suit as to both defendants.

As to defendant Picou, this action was clearly correct. Picou had rented the truck to Houma Packing Company, Inc., and it was controlled at the time of the accident entirely by an employee of the packing company, and there is nothing in the evidence which in any way differentiates this case from the many others in which it has been held that an owner of an automobile is not, as a matter of law, liable for damage caused by it in the hands of a lessee or a borrower. Marullo vs. St. Pasteur, 144 La. 926, 81 So. 403.

As to the other defendant, we are unable to agree with the trial judge. It is true that only a question of fact is involved, and we are therefore very loath to reverse his finding, but a careful study of the record leaves us well convinced that that finding was erroneous.

Plaintiff was driving his car up St. Charles Avenue and was "hugging" the neutral ground. Noticing ahead of him a Ford car, also close to the neutral ground, he blew his horn and the Ford pulled over to the right. Just at that moment the truck operated by defendant's employee, acting within the scope of his employment, dashed past on plaintiff's right and cut sharply to the left, passing between the Ford and the neutral ground. As this maneuver caused it to swerve directly into the path of plaintiff's car, plaintiff, fearing that his car would crash into the truck, pulled sharply to the left and ran upon the neutral ground. As there was a light post in his path his car was considerably damaged. The truck went on its way and was only stopped when plaintiff, Conners, having secured the services of a passing car, caught up with it several blocks above the scene of the accident.

A most peculiar statement was then made by the driver of the truck. He claimed that, looking through the rear of his truck, he had seen the Dodge car of plaintiff strike the Ford and that the Dodge was then bounced off into the post. It is very evident that no such thing took place.

Without the evidence of Amoss, a disinterested witness, who was driving down the other side of the avenue, we would find it somewhat difficult to determine just what were the true facts, but we think that the weight of his testimony causes the evidence to preponderate substantially towards plaintiff's side of the case.

That the plaintiff did not produce as a witness the driver of the Ford is of no significance one way or the other. It was conclusively shown that both parties talked to this driver after the accident, and we cannot see how either was under any greater duty to call him as a witness than was the other. At any rate, plaintiff's attorney, a reputable member of the bar, explained that he himself had talked to the witness in question, who had stated that he knew nothing about the accident. It is, of course, the duty of plaintiff to make his case certain by a preponderance of the evidence. But when he has done this, there is no presumption against him if he fails to produce witnesses who are equally available to the other party.

That the truck was not actually in collision with plaintiff's car is of no importance. He who, by his negligence, creates a dangerous situation, is liable to one who, acting as a reasonably prudent person would act, is injured while attempting to avoid the danger thus created.

It is therefore ordered, adjudged and decreed that the judgment in favor of defendant, Linest Picou, be and it is affirmed, and that the judgment in favor of Houma Packing Co., Inc., be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Michael L. Conners, and against Houma Packing Company, Inc., in the sum of $200, with interest at 5 per cent per annum from May 8, 1928, until paid, and for all costs.