On July 11, 1946, plaintiff entered into a written contract with defendant to furnish and install on truck owned by defendant a complete sound amplifying system, consisting of amplifier, turntable, microphone with stand, gasoline generator and four sound beam speakers. The contract price was $1450.00. Alleging that there was an unpaid balance of $507.50 (including $50.00 for the installation of a platform and lights, not included in the contract, and $7.50 for work done at defendant's residence), plaintiff filed suit against defendant for that amount.
The answer in substance admitted the execution of the contract and the installation on defendant's truck as detailed in the contract, but set forth that the amplifying system did not function; that it was incomplete, defective and totally useless and "that said price agreed upon was contrary to good morals and public policy and in violation of the emergency price control act * * *," and ended with the prayer that the suit be dismissed at plaintiff's cost.
From a judgment of the District Court in favor of plaintiff as prayed for, defendant prosecutes this appeal. *Page 819 
Defendant denied that the extra charge of $30.00 for construction of platform and the extra charge of $20.00 for wiring lights in the truck was due. An examination of the contract disclosed that the building of the platform was specifically excluded from the contract price. The plaintiff installed this platform and the charge of $30.00 is not shown to be an unreasonable one. It is not clear from the record whether the wiring of lights in the truck, for which a charge of $20.00 was made, was performed as an extra service over and above the work incident to the installation of the equipment provided in the contract. Since the burden of proof on this point was on the plaintiff, this item should be disallowed.
The record discloses that plaintiff furnished and installed upon defendant's truck all the equipment listed in the contract signed by defendant and attached to plaintiff's petition. The testimony offered by defendant that the system was incomplete, defective and useless was indefinite and inconclusive. The defendant introduced evidence of a general nature that his operator had trouble with the equipment when it was on out-of-town trips and that repairs and maintenance service were needed and that defendant was unable to collect the rentals due from customers who rented the sound equipment by the day. However, no bills for repairs were introduced, nor did any witnesses testify as to the cost of any repairs made. The defendant simply testified that he thought "this equipment cost me in actual dollars and cents in trying to operate it $2000.00," and that when he submitted his invoices to customers there "was always an argument and as a general rule we received very little trying to rent it." The record shows that there was trouble with the speakers, but that replacement units were either installed or kept available for installation by the plaintiff.
Defendant, in support of his allegation that the equipment was sold in excess of the OPA price ceiling, asked the manager of the plaintiff company if the price was in accordance with the OPA list and the witness answered that the price was in accordance with the recommended retail price list of the RCA jobber. The questions and answers from other witnesses regarding the OPA ceiling were of a general nature and no evidence was introduced of what the ceiling was on the articles furnished, nor was any proof offered to enable the Court to determine whether or not the price charged was in excess of the OPA ceiling.
There was a conflict of testimony as to whether the turntable and record playing arm installed in the truck was a "mobile" type or not. However, the record establishes that the plaintiff furnished the equipment as listed on the contract and the fact that this equipment was not mobile or proper for use on the truck is not established by the preponderance of the evidence.
The contract provided for the installation of the listed sound amplifying equipment on defendant's truck. Plaintiff's witnesses testified that the RCA equipment furnished was the best in the field and priced above other brands. Under these circumstances, and in view of the rule that unless warranty is expressly waived, the vendor warrants the article sold as fit for the purpose intended, the plaintiff was obligated to furnish a unit, including turntable and arm, proper for road and truck use. See Chas. A. Kaufman Co., Ltd. v. Gillman, La. App., 142 So. 159, and cases cited.
Because of the indefinite and inconclusive nature of the evidence introduced by the defendant, we are unable to determine whether or not he is entitled to a reduction on account of the installation of an improper turntable or for the repair bills and other counterclaims set forth in the answer and we deem it equitable to reject all of defendant's counterclaims, etc., against plaintiff resulting from the purchase and installation of the equipment as of nonsuit.
For the reasons assigned, the judgment appealed from is amended by reducing its amount to $487.50 and by adding the following paragraph:
"The right is reserved to the defendant herein to assert in a separate suit whatever claim he may legally have against *Page 820 
plaintiff in connection with the furnishing and installation of the equipment under the contract herein sued upon."
As amended, the judgment is affirmed. Cost of appeal to be paid by plaintiff, other costs by defendant.