137 So.2d 393 (1962)
Donald Gene GOFF
v.
DEWEY OLIVIER, INC.
No. 457.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
Rehearing Denied February 21, 1962.
Certiorari Denied April 12, 1962.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, for defendant-appellant.
McBride & Curley, by Robert R. McBride, Lafayette, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
This suit was instituted by plaintiff against defendant as an action in redhibition to set aside the sale and recover the purchase price of an English Ford "Anglia" purchased by plaintiff from defendant corporation.
For a cause of action plaintiff alleged he purchased the car mentioned above from defendant firm on July 1, 1959, for the sum of $1,685.00, which included Louisiana sales tax; that although the car was warranted against vices and defects, it began to exhibit *394 mechanical malfunctions within one week after the date of the purchase. These defects manifested themselves by excessive oil consumption, intermittent and unreliable operation of the motor and the presence of loud and grinding noise emitted from the rear end of the automobile. Said defects were such as to continuously cause the automobile to operate improperly and render it useless for the purpose for which it was sold. Plaintiff alleged that at the first indication of mechanical trouble he brought the car to defendant for repairs and was assured that only minor adjustments were necessary. The plaintiff's car performed unsatisfactorily and was brought back on numerous occasions to remedy the defective condition without success. On June 23, 1960, plaintiff offered to return the car in return for the purchase price thereof, whereupon defendant agreed to perform a major overhaul. This work was done, but it did not remedy the defects in said car. Plaintiff again informed defendant on July 10, 1960, that the defects in the car still existed and defendant answered that the warranty period had expired and it would assume no further obligation in connection with said automobile. The present suit followed.
Defendant answered the suit filing a general denial, except that it admitted selling the car to plaintiff and that the warranty period was 4,000 miles or for a period of ninety days from the sale, whichever would occur first. Defendant also filed a plea of prescription of one year as to the redhibitory action.
The district judge overruled the plea of prescription and after a trial on the merits set aside the sale and granted plaintiff judgment against defendant in the sum of $1,685.00. From the lower court judgment, defendant has appealed.
Counsel for defendant did not argue or brief before this Court the plea of prescription of one year filed by him in the instant case, therefore, we presume he has abandoned it. However, even if the plea has not been abandoned, we find it to be without merit for the reason that the evidence discloses that the suit as filed within one year from the time that the defendant abandoned its attempt to cure the defects in said vehicle in the instant case. Woodward-Wight & Co., Ltd. v. Engel Land & Lumber Co. (1909), 123 La. 1093, 49 So. 719; A. Baldwin Sales Co., Inc. v. Mitchell (1932), 174 La. 1098, 142 So. 700.
Dewey J. Olivier, president of defendant corporation, was called as a witness on cross examination. He said small cars are sold as economy cars. He admitted that the car sold to plaintiff used more oil than it should have, which is normal until the rings seat. In his experience some cars will use more oil than ordinary for five to six thousand miles, then will quit using oil altogether. At first the witness believed plaintiff's car had an oil leak. He changed some gaskets. He did this because after placing the car on the grease rack there was found to be an excessive amount of oil on the chassis which would suggest a leaking gasket. There was some complaint made of noise in the rear end. This did not occur until the warranty period had expired (4,000 miles or 90 days). He received a letter from the attorney for plaintiff on June 23, 1960, making a tender of the automobile. Rings were placed in the car belonging to plaintiff. He told plaintiff to drive the car and see if the rings would seat. In interrogatories propounded to defendant, which are in the record, he stated the automobile was returned for repairs about seven times. The complaint in each case, except the last time, was for oil consumption. On the occasion of the last complaint, about June 23, 1960, Dewey Olivier, Inc., completely overhauled the engine and differential. Dewey Olivier, Inc., bore the expenses of all of the repairs except the engine overhaul, which was to be reimbursed to Dewey Olivier, Inc., by the factory. The dates involved were July 21, July 31, September 22, and October 6, in 1959; February 24, April 7, and June 23 in 1960.
*395 Doucet Coussan testified as a witness for plaintiff. He stated that he sold the car to plaintiff while working as a salesman for defendant. Plaintiff complained to the witness shortly after the sale of the automobile of the excessive oil consumption and of the noise which developed in the differential of the automobile. This occurred within the warranty period. Defendant president directed the witness to tell plaintiff that even if the warranty expired, defendant would correct the defects since they had been notified that the car was using an excessive amount of oil prior to the expiration of the warranty period. He said that the factory had authorized repairing the differential and also the overhauling of the motor to remedy the oil consumption.
Counsel for defendant argues orally and in his written brief that the judge of the lower court erred in awarding plaintiff a judgment for the reason that plaintiff failed to prove his case, and alternatively, that should the court rule that plaintiff is entitled to the benefits of the redhibitory action herein, that defendant should be allowed a credit or offset against the amount awarded plaintiff by the trial judge for the reason that plaintiff has had the use and benefit of the car since its purchase and he or his family have traveled 10,254 miles in it.
Blaise Arsement testified on behalf of plaintiff. He stated that he was a service station operator. He said that he had to add oil to the motor of plaintiff's car on two or three occasions.
Plaintiff and his wife testified generally according to the allegations set forth in plaintiff's petition.
In addition to Mr. Dewey Olivier, president of defendant corporation, defendant had as its witness Mr. Nerry Trahan, Jr. He stated he was in the employ of defendant corporation as a mechanic and had been in said capacity since 1956. He said he changed the carburetor, the generator and the gaskets. He said he had considerable trouble with plaintiff's car. He also found that the pistons were black with oil, indicating to him that the car was burning oil.
We shall discuss the first contention advanced by counsel for defendant, namely, that the trial judge was in error in holding that plaintiff was entitled to set aside the sale for the reason that plaintiff must prove his case by a preponderance of the evidence which he has failed to do in this case, citing Plick v. Tusa (Orleans, 1929), 14 La.App. 330, 124 So. 678, and Conners v. Houma Packing Co., Inc. (Orleans, 1929), 12 La. App. 167, 125 So. 294. Both of these cases deal with automobile accidents. They merely state the general rule that in each case plaintiff had the burden of proving his case by a preponderance of the evidence.
Redhibition is defined in Article 2520 of the Louisiana LSA-Civil Code in the following language:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
While it is true that under Article 2520 of our Revised LSA-Civil Code, the burden of proof is on one who institutes the redhibitory action, this article has been modified by decisions of our Supreme Court.
A line of cases beginning with Crawford v. Abbott Automobile Co., Ltd. (1924), 157 La. 59, 101 So. 871, held that the vendee (particularly in the case of complicated machinery) need not prove the exact cause of the malfunctioning, if he showed merely that the thing was not operating properly. We have not found any decision overruling the Crawford case, supra. This case was cited with approval in J. B. Beaird Co., Inc. v. Burris Bros., Ltd. (1949), 216 La. 655, 44 So.2d 693, and Aubry v. Todd (La.App., 2 Cir., 1951), 55 So. 2d 276. *396 Another line of cases beginning with A. Baldwin Sales Co., Inc. v. Mitchell (1932), 174 La. 1098, 142 So. 700, held that unless warranty is waived, the vendor warrants the thing sold as fit for the purpose intended and in the absence of a waiver, the burden of proof is on the vendor. The Baldwin case, supra, and those decided after it have been applied where the seller warranted the quality of the thing sold. The Baldwin case, supra, was quoted with approval in J. B. Beaird Co., Inc. v. Burris Bros., Ltd., supra.
Applying the above rules of evidence to the facts as outlined in the instant case, we are of the opinion that the trial court was correct in ordering the setting aside of the sale of the car in the instant case. Even the witnesses for the defendant stated that the car had given considerable trouble from the time of its sale to plaintiff up to the time of the institution of the suit. The proper functioning of the motor is the most important component of an automobile or mechanical vehicle.
The Louisiana Code and the jurisprudence protects the vendee in a contract of sale, if the thing sold was so defective at the time of the sale as to impair its utility and render it unfit for its intended purpose, provided the defective condition was neither discoverable by simple inspection nor declared to exist by the vendor.
Having determined that the trial court correctly set aside the sale, it is not necessary to discuss the alternative demand of defendant and the cases cited by counsel for defendant in support of his position.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.