162 So.2d 835 (1964)
W. O. BERGERON
v.
MID-CITY MOTORS, INC.
No. 6126.
Court of Appeal of Louisiana, First Circuit.
April 6, 1964.
McCollister, Belcher & McCleary, by M. Aubrey McCleary, Jr., Baton Rouge, for appellant.
Harrison G. Bagwell, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LOTTINGER, Judge.
This is an action in redhibition wherein the plaintiff, W. O. Bergeron, seeks the rescission of a sale to him of a 1961 8 cylinder Ford Galaxie 4-Door automobile purchased from defendant, Mid-City Motors, Inc., on or about May 25, 1961, for the sum of $3,182.02. The matter is before us on an appeal taken by the defendant from a judgment of the Trial Court which rescinded and set aside the sale and condemned defendant-vendor to return to plaintiff the full amount of the purchase price less the sum of $500.00 which amount the Trial Judge considered to be the value which inured to plaintiff by reason of having had the use of the car for approximately one year.
The matter presents no material factual dispute and it is admitted by counsel for appellant that the record establishes the following:
The automobile, as alleged, was purchased by plaintiff from defendant on May 25, 1961. The automobile was returned to defendant on July 25, 1961 for the purpose of having some minor repairs made. At that time one of defendant's salesmen called to plaintiff's attention that there was a humming noise in the rear end. As a consequence, in addition to making the minor repairs, defendant had the rear end inspected, removed and replaced.
*836 From July 25, 1961, until the automobile was finally returned to defendant on May 25, 1962, the automobile was taken to defendant an additional seven times. The bulk of the complaints made during this period were comparatively minor in nature and included improper adjustment of the windows, failure of the front seat to slide properly, failure of the right air vent to close all the way, improper functioning of the air-conditioning unit, improper functioning of the speedometer, rattling, excessive use of gas and the paint on the hood fading. The humming noise in the rear end remanifested itself and it was necessary on February 7, 1962 and again on May 1, 1962, to remove and replace the differential mechanism. When the automobile was finally returned to defendant on May 25, 1962, the speedometer reading was approximately 9,000 miles.
With the above facts before him the Trial Judge in his oral reasons for judgment, concluded as follows:
"The question, however, is whether or not this vice or defect is of such a nature that it renders the thing sold absolutely useless or if it makes its use so inconvenient or imperfect that it must be supposed that a buyer would not have purchased it had he known the vice. That is a rephrasing of Article 2520 of our Louisiana Civil Code. I think it is admitted by the evidence that it did not render this automobile absolutely useless because the owners put approximately nine thousand miles on it; though I am not certain of the exact miles, it is somewhere around nine thousand according to the testimony.
"With regard to the proposition of whether or not this vice or defect made its use so inconvenient or imperfect that the buyer would not have purchased it had he known of the vice, I feel that the plaintiff has prevailed. The Courts can take cognizance of the fact that nothing can be so annoying as to purchase a new automobile expecting to have the use of that automobile trouble-free for the early portion of its life and then being plagued by having to carry it back to have repairs made on it some eight times within a year. I disagree with counsel for defendant, though I don't set any judicial limit as to the number of times; but suffice it to say that to take an automobile back to the repair shop three times for the transmission imposes an onerous burden on the owner, causes him to be deprived of the use and the enjoyment of a new automobile which he has every right to expect; and I am further strengthened in this by the consistent complaints about the hood and the windows and other immaterial things which were wrong with the car and so acknowledged by the defendant which accumulated together with this defect in the differential must surely have made the use of the automobile so inconvenient and imperfect that Mr. Bergeron would not have purchased it had he known what was in store for him.
"Therefore, I am going to rescind the sale.
"The purchase price was $3,182.02, and as a matter of my own discretion and what I consider to be fair use for an automobile for nine thousand miles for one year, I feel that a thousand dollars would be fair use for an automobile for that number of miles and for that long. This is less than $100 a month. Yet, I am also reminded that their use of this automobile was onerous. It was a source of aggravation. It was a source of inconvenience. Considering the testimony of Mrs. Bergeron and others and the inconvenience that they were put to, I don't think the use of the automobile was worth more than $500, which is just about the same thing that they prayed for in their petition. They claimed that this inconvenience on account of *837 loss of use and aggravation and so forth was worth $500, and it gives full effect to their contentions in that regard, and it amounts to the defendant having to return the purchase price less the $500.
"Judgment will be signed accordingly."
Appellant contends that as appellee did not notice the humming noise himself, but rather had it brought to his attention by appellant's employee and, further, inasmuch as the car never stalled on the road, the defects are not of sufficient gravity to warrant a rescission of the sale. This argument is without merit. See Harris v. Automatic Enterprises of Louisiana, Inc., La.App., 145 So.2d 335, at page 341, wherein the Court, citing Reech v. Coco, 223 La. 346, 65 So.2d 790, held that:
"* * * A machine or item of equipment that will not meet the needs of the owner and the purpose for which it was purchased and which will not run or runs intermittently or imperfectly and which requires the frequent attention of a mechanic to keep it going is an abomination to the owner."
The Harris case, supra, citing Fisher v. City Sales and Service, La.App., 128 So. 2d 790, holds that:
"* * * It is not incumbent upon the purchaser to prove the particular and underlying cause of the defects which make the item sold unfit for the purpose intended, particularly when it is a complicated piece of machinery; it is sufficient if the buyer alleges and proves as a fact that such defects exist. (Emphasis supplied)"
Counsel for appellant further contends that appellee has failed to prove that the vice existed prior to the sale, a burden which he must carry under LSA-C.C. Art. 2530 in a case such as this where the defect has not manifested itself until some time following the three days immediately after the sale. It is highly pertinent to point out here that the defendant's own employee, Mr. Adam Milton Guichet, attributed the trouble in the rear end to "soft metal", which defect could, of course, only be present when the car or the part was manufactured.
Lastly, appellant argues that plaintiff is not entitled to the relief sought because of failure to tender his automobile within a reasonable time after the discovery of the vice and his consequent inability to return it in substantially the same condition as it was in at the time of the sale. The record leaves us with the distinct impression that the plaintiff in this case, rather than to instantly resort to legal redress, sought in every way to cooperate with the defendant with a view towards having the defects corrected and it was only when it became evident that further attempts at repair would not in all likelihood be successful that he resorted to legal action. While we do not for a moment state that defendant was guilty of any misrepresentations, we do believe that plaintiff was led to believe, on each of three occasions, that the change of the differential assembly would cure the defect. This, we believe, brings the case within the rule of Reech v. Coco, supra, wherein the Court held:
"Nor do we think that the facts of the case bring it under the rule many times recognized by this court, see Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590; Tucker v. Central Motors, 220 La. 510, 57 So.2d 40 and Poor v. Hemenway, 221 La. 770, 60 So.2d 310, that a suit to rescind a sale for a redhibitory defect or other cause must fail when the purchaser has sold or otherwise used the property to such an extent that it cannot be returned to the seller in substantially the same condition as when sold. Here, even if it could be said that the use (9,600 miles) was such as to render it incapable of return in substantially the same condition as when purchased, the *838 doctrine on the cited cases would still be inapplicable for the reason that the use of the car was attributable to defendant's fault in lulling plaintiff into the belief that the defects would ultimately be corrected."

For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.