196 So.2d 672 (1967)
Gerald P. DITTA, Sr.
v.
POLK CHEVROLET, INC., et al.
No. 6975.
Court of Appeal of Louisiana, First Circuit.
March 13, 1967.
Kenneth C. Scullin, Baton Rouge, for appellant.
John Dale Powers, of Sanders, Miller, Downing & Kean, Boris F. Navratil, of *673 Breazeale, Sachse & Wilson, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
ELLIS, Judge:
In this suit, plaintiff seeks to have rescinded the sale to him by Polk Chevrolet, Inc. of a certain 1963 Chevrolet Impala 2 door sedan, which was delivered to him on June 7, 1963, basing his suit on certain alleged redhibitory defects in the automobile. The defendants in the case are Polk Chevrolet Inc., and General Motors Corporation, Chevrolet Motor Division, the manufacturers of the vehicle. Plaintiff's main demand is for the return of the purchase price of the automobile, plus damages for loss of use, attorney's fees, inconvenience and cost of insurance. Alternatively, and in the event he is not entitled to a rescission, he is asking for some $9000.00 in damages for the cost of repairs, loss of use, inconvenience, depreciation in value of the vehicle and attorney's fees. The alternative demand is apparently based on the alleged negligence of an employee of Polk Chevrolet who improperly towed plaintiff's car to the shop, or upon a breach of contractual warranty by the defendants.
After various preliminary proceedings, both defendants filed answers, and Polk filed a reconventional demand against plaintiff and a third party demand against General Motors, asking judgment over against it in the event plaintiff should prevail in his demands against Polk.
After trial on the merits, judgment was rendered dismissing plaintiff's demands as to both defendants, and also dismissing Polk's reconventional demand and third party petition. From this judgment, plaintiff has appealed devolutively.
The facts of the case appear to be virtually undisputed. Plaintiff bought the automobile from defendant Polk through Wilbert E. Kemp, one of its salesmen. On June 20, 1963, the car was left with Polk for a number of minor adjustments, all of which were repaired except for certain adjustments to one of the doors and the bucket seats.
On August 25, 1963, as plaintiff was returning home from a boating expedition, he heard a noise in the rear end, and called Polk to report the trouble. The car was towed in and the spider gears in the differential were found to be broken, and a small hole was found in the differential housing. In addition to the trouble with the rear end, plaintiff submitted a second list of minor complaints. The repair order reveals that these various complaints were remedied at that time, without cost to plaintiff.
On October 7, 1963, plaintiff once again experienced difficulty with the rear end. He called Mr. Kemp, who was unable to get a wrecker to bring plaintiff's car in to Polk's shop. Kemp thereupon went to where plaintiff's car was located, and towed it in with his own vehicle. During the towing process, plaintiff testified that there was a great deal of nose and difficulty with the differential. It is contended by plaintiff that, in towing his car without lifting the rear wheels clear of the road surface, Kemp was negligent. When the differential was disassembled, it was discovered that the spider gears had once again failed. Polk Chevrolet and General Motors took the position that the damage resulted from improper use and abuse of the car and refused to make the repairs. This lawsuit is the result of their refusal.
All of the expert testimony in the case is to the effect that the failure of spider gears can happen only as a result of "slack" in the gear train in the differential or because of abuse. The abuse referred to is either excessively fast, or jackrabbit starts, or turning a corner too fast. All of the experts agreed that a slack condition would not exist in a car as new as that involved in this case. It was, therefore, the unanimous *674 opinion of the experts that the damage to the spider gears in this case resulted from the vehicle being used for a purpose or in a manner for which it was not designed. Not one of the experts was able to point to any defect in the power train of the automobile which might account for the failure of the spider gears.
Mr. Ditta, on the other hand, testified that he was a careful driver, did not indulge in drag racing or in excessive acceleration, or in any other practices which might be termed abuse of the vehicle as defined by the experts.
With these facts before him, and having driven in the car himself, the district judge found that the only complaint made by the plaintiff which was justified by the evidence was the looseness of the bucket seats. He found that the plaintiff had proven no defect in the vehicle, and that the evidence in the case tended to show that the damage was as a result of abuse or improper use of the car and not due to a defect.
Plaintiff made the following assignments of error:
A. The Trial Court did not follow the law governing Ditta's burden of proof and the burden of proof of Polk and General Motors;
B. The Trial Court did not find an agent of Polk, Wilbert E. Kemp, negligent.
We find the following review of the applicable law in the case of Glenn v. Caire, 164 So.2d 656 (La.App. 3 Cir., 1964):
"In all sales in Louisiana there is an implied warranty that the object of the sale is free of a redhibitory vice or defect. LSA-C.C. Articles 2475, 2476; Harris v. Automatic Enterprises of Louisiana, Inc., La.App. 4 Cir., 145 So.2d 335; Fisher v. City Sales and Service, La.App. 3 Cir., 128 So.2d 790; Combs v. International Harvester Company, La.App. 2 Cir., 115 So.2d 641. Unless the warranty is waived the seller warrants the thing sold as fit for the intended purpose. J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693; Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871; Harris v. Automatic Enterprises of Louisiana, Inc., supra; E. Levy & Co. v. Pierce La.App., 2 Cir., 40 So.2d 818."
"Redhibition is defined in LSA-C.C. Article 2520 as follows:
"`Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.'
"(2). It is settled that in an action to set aside a sale on a plea of redhibition where complicated machinery is involved, it is not necessary for the buyer to seek out and prove the particular and underlying cause of the defect which makes the object sold unfit for its intended use. It is sufficient that he allege and prove that such a defect exists. Fisher v. City Sales and Service, supra; Crawford v. Abbott Automobile Co., supra; Brown-Roberts Hardware & Supply Co. v. Evans, La.App. 2 Cir., 153 So. 562; Goff v. Dewey Olivier, Inc., La. App. 3 Cir., 137 So.2d 393 (Cert. denied); J. B. Beaird Co. v. Burris Bros., supra; Chas. A. Kaufman Co. v. Gillman, La. App.Orl., 142 So. 159; and Bergeron v. Mid-City Motors, Inc., La.App. 1 Cir., 162 So.2d 835.
In applying the above principles the courts of this state have held that a plaintiff need only prove that the thing purchased has failed to perform in the manner in which it was intended to perform, and that this failure was under conditions of normal use. Crawford v. Abbott Automobile Co., supra; J. B. Beaird v. Burris Bros., Ltd., 216 La. 655, 44 So.2d 693 *675 (1949); Fisher v. City Sales and Service, 128 So.2d 790 (La.App., 3 Cir., 1961); Bergeron v. Mid-City Motors, Inc., 162 So.2d 835 (La.App. 1 Cir., 1964). In the instant case, we find that plaintiff has proved that the spider gears in the differential failed on two occasions. On the other hand, it was shown, by all the expert testimony, that such failure could result only from improper use or abuse of the vehicle.
Plaintiff attempted to disprove abuse by showing there were no signs thereof on the clutch plates or tires. We do not find this testimony to be persuasive. The testimony shows that the vehicle was equipped with a heavy duty clutch, which would not be affected by excessively fast starts. It shows, also, that the effect of jackrabbit starts on the tires of a car would not be apparent if the car were driven under normal circumstances for a few days after the start.
Plaintiff has borne the burden of proof relative to the unsatisfactory performance of the vehicle sold him. However, we find that defendant has shown, by a preponderance of the evidence, that the underlying cause of the failure of the spider gears was the improper use of the vehicle, and that the vehicle would have performed satisfactorily under conditions of normal use.
With reference to the alleged negligence of Mr. Kemp, we find that all of the evidence relative to the towing is to the effect that the vehicle could not have been towed fast enough to cause the spider gears to fail. There is no expert testimony to show that the towing in any way damaged the rear end of plaintiff's car.
We find that the judgment of the district court is correct and fully supported by the evidence, and it is affirmed at appellant's cost.
Other questions presented in brief by appellees, involving an exception of prescription which was overruled, and the effect of the manufacturer's warranty on the redhibitory action need not be decided by us in view of the conclusion herein above reached.
Affirmed.