LOTTINGER, Judge.
This is a redhibitory action in which plaintiff Morris Pitre is seeking to have set aside the sale to him of a Ford diesel engine by defendant K. H. “Lucky” Honeg-ger. He also asks for the return of the purchase price of $1150.00 and $289.97 in expenses occasioned by the sale. After trial on the merits, the District Court rendered judgment in favor of plaintiff in quanti minoris for $600.00, and defendant has appealed.
The record reveals that on April 17, 1969, defendant sold to plaintiff a used four cylinder Ford diesel engine for $1150.-00 cash. Defendant had purchased the engine together with the boat in which it was installed in November, 1968. The boat had been sunk and the engine completely submerged for a period estimated by defendant to be a month to a month and a half. Defendant testified that he had run the engine periodically during the time between his acquisition and the sale to plaintiff and that “it was running good”. Defendant testified that he told plaintiff the engine had been sunk. Plaintiff denied this.
Plaintiff took the engine to a boat yard operated by Paul Pellegrin to have it installed in his boat. Pellegrin cleaned the engine on the outside with a solution known as “Varsol”. On draining the oil from the engine, it was found to contain a high proportion of water. Pellegrin flushed out the interior of the engine with a half and half mixture of Varsol and oil. He noted the “inside” of the engine to be very rusty and dirty.
Plaintiff and Pellegrin were unable to start the engine, and called a diesel mechan *366 ic who worked on tractor engines. He was unable to start the engine. They called defendant who, after repairing a throttle link which had jammed, got the engine started. Thereafter, it was installed in the boat. The next morning, plaintiff left for his boat dock, some three quarters of a mile from Pellegrin’s. He ran the engine 15 or 20 minutes and noted a drop in the oil pressure to 15 to 18 pounds. Normal operating pressure was said by defendant to be 30 to 40 pounds. He also found that the clutch was not operating properly. He thereupon towed his boat back to Pelle-grin’s and removed the engine. Mr. Pelle-grin testified that plaintiff then removed the main bearings, one or two bearing inserts, and the pan. Mr. Pellegrin observed the bearing and the inserts to be “pretty well scarred up”, and the pan to have slush and dirt in it. At the time of the trial, the engine was still at the boat yard and had not been further examined or repaired by either party.
Plaintiff said that defendant refused to do anything about the engine when told of the foregoing circumstances. Defendant said that he offered to take the engine back on more than one occasion, but refused to pay plaintiff’s expenses in connection with the installation.
It is established by the testimony in the record, expert and otherwise, that a drop in oil pressure after a diesel engine has operated for a while may be indicative of worn bearings or some other major difficulty. He also testified that the engine could be overhauled, including the repair of the clutch, for about $600.00. He also testified that washing an engine out with Varsol caused it to dry up and if it were run, it could result in scarring of the bearings, cylinder walls, etc.
In this Court, defendant contends that plaintiff has failed to prove the existence of a latent defect in the engine prior to the sale, that the Judge erred in granting a judgment in quanti minoris, and in failing to find the damage to the engine was caused by the use of Varsol in washing it out.
In Glenn v. Caire, 164 So.2d 656 (La. App. 3 Cir. 1964), the Court said:
“In all sales in Louisiana there is an implied warranty that the object of the sale is free of a redhibitory vice or defect. * * *
“Redhibition is defined in LSA-C.C. Article 2520 as follows:
‘Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.’ ”
In Ditta v. Polk Chevrolet, Inc., 196 So.2d 672 (La.App. 1 Cir. 1967), we said:
“In applying the above principles the courts of this state have held that a plaintiff need only prove that the thing purchased has failed to perform in the manner in which it was intended to perform, and that this failure was under conditions of normal use.”
After reviewing the record, we cannot say the Trial Judge was manifestly erroneous in concluding that there existed, at the time of the sale, a vice or defect in the engine, not readily discoverable by inspection and unknown to the plaintiff.
Under Article 2543 of the Civil Code, the Judge has the authority to render a judgment in quanti minoris in an action for redhibition even though such relief has not been demanded by plaintiff. We cannot find that in rendering such a judgment for $600.00 the Trial Judge has abused his discretion.
The judgment appealed from is therefore affirmed at defendant’s cost.
Judgment affirmed.