264 So.2d 364 (1972)
Charles LEE
v.
Donald D. BLANCHARD d/b/a Blanchard Auto Sales.
No. 8916.
Court of Appeal of Louisiana, First Circuit.
June 28, 1972.
*365 Foye L. Lowe, Jr., DeBlieux, Guidry & Lowe, Baton Rouge, for appellant.
Gerard E. Kiefer, Forrest & Kiefer, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
BLANCHE, Judge.
Plaintiff, Charles Lee, brought this action in redhibition to rescind the sale of a 1962 Oldsmobile which he purchased from the defendant, Donald D. Blanchard, d/b/a Blanchard Auto Sales. The defendant, a used car dealer, sold the car to plaintiff on January 26, 1970, for the price of $495. The trial judge, after taking the case under advisement and for oral reasons assigned, dismissed plaintiff's suit. We are not informed as to the text of the judge's reasons.
Our own review of the record discloses that plaintiff proved that the use of the vehicle was so imperfect that it could not be supposed that plaintiff would have purchased it had he known of its defects or vices. His version concerning the defects of the car and his dealings with the defendant relative thereto follows.
Plaintiff testified that he tried out the automobile by driving it approximately six blocks before purchasing it and found that the front brakes and headlights were faulty. The defendant agreed to remedy these defects. Thereafter, further repair work was done to the rear brakes, and a receipt dated January 30, 1970, which was filed in the record shows that plaintiff paid $20 to defendant for this work described on the receipt as "warranty work." Plaintiff testified that the following day after the purchase he picked up his car and while on the way home observed that it began to run "hot" and the engine lost its compression. He then called the defendant's agent who advised him to flush the radiator. He also testified that when he called defendant to tell him that the water was leaking out of the block, he was told, "you done signed the contract now. That's your car, it's not my car any more." Finally, a mechanic representing the defendant came and towed the automobile from plaintiff's premises for the purpose of repairing it. According to plaintiff, he was told that the block was not cracked and that the leak came from a faulty freeze plug. He was presented a bill for $29.38 for this work and was told not to bring it back any more. Thereafter on February 13, 1970, plaintiff consulted his lawyer relative to the matter. Demand was then made on defendant either to return the purchase price including the cost of repairs or to replace the vehicle, neither of which demand was acceded to by defendant.
*366 To prove the defective condition of the automobile, plaintiff called Voltaire Sterling. Sterling testified that plaintiff worked for him collecting rents and selling real estate and was required to furnish his own transportation. He recalled that plaintiff just after purchasing the car had called him on three different occasions when his car had stopped and that on one occasion they were unable to get the car started. His testimony verifies plaintiff's complaints concerning the defective condition of the car. It was at his instance that plaintiff consulted two mechanics concerning the automobile.
The two mechanics who testified evidently gave the car only the most cursory inspection, as one testified that he only listened to it momentarily and could not give an opinion concerning its condition except that the engine was noisy. The other witness testified that the engine was very noisy, and from the way it sounded, it was most probably in need of major repairs.
Joy Eames, who worked in the same real estate office with plaintiff, recalled that just after plaintiff purchased the car she observed plaintiff at a local grocery store in an unsuccessful attempt to start the car. She also testified concerning the leak of water from the motor and the fact that the car would barely run.
The defendant does not seriously contest the defective condition of the car, though Mr. Bobby Dean, defendant's used car salesman, ventured the opinion that if plaintiff had not run it without water the engine would not have been damaged. He also testified that the automobile operated properly when it was sold to plaintiff. There is no testimony in the record to inform us of what is specifically wrong with the automobile. The mechanic who was employed by the defendant to repair the car was not called as a witness, and we are without the benefit of his testimony concerning the condition of the car. It is known that the car would not operate without overheating and the engine lost all of its compression and, therefore, failed to perform in the manner which it was intended to perform under conditions of normal use. It follows that plaintiff is entitled to a return of the purchase price.
The law applicable to the foregoing facts as found by us is stated in the case of Ditta v. Polk Chevrolet, Inc., 196 So.2d 672 (La.App.1st Cir. 1967):
"We find the following review of the applicable law in the case of Glenn v. Caire, 164 So.2d 656 (La.App. 3 Cir., 1964):
"In all sales in Louisiana there is an implied warranty that the object of the sale is free of a redhibitory vice or defect. LSA-C.C. Articles 2475, 2476; Harris v. Automatic Enterprises of Louisiana, Inc., La.App. 4 Cir., 145 So.2d 335; Fisher v. City Sales and Service, La.App. 3 Cir., 128 So.2d 790; Combs v. International Harvester Company, La.App. 2 Cir., 115 So.2d 641. Unless the warranty is waived the seller warrants the thing sold as fit for the intended purpose. J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693; Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871; Harris v. Automatic Enterprises of Louisiana, Inc., supra; E. Levy & Co. v. Pierce, La.App., 2 Cir., 40 So.2d 818.'
"Redhibition is defined in LSA-C.C. Article 2520 as follows:
`"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
`(2). It is settled that in an action to set aside a sale on a plea of redhibition where complicated machinery is *367 involved, it is not necessary for the buyer to seek out and prove the particular and underlying cause of the defect which makes the object sold unfit for its intended use. It is sufficient that he allege and prove that such a defect exists. Fisher v. City Sales and Service, supra; Crawford v. Abbott Automobile Co., supra; Brown-Roberts Hardware & Supply Co. v. Evans, La.App. 2 Cir., 153 So. 562; Goff v. Dewey Olivier, Inc., La.App. 3 Cir., 137 So.2d 393 (Cert. denied); J. B. Beaird Co. v. Burris Bros., supra; Chas. A. Kaufman Co. v. Gillman, La. App.Orl., 142 So. 159; and Bergeron v. Mid-City Motors, Inc., La.App. 1 Cir., 162 So.2d 835.
"In applying the above principles the courts of this state have held that a plaintiff need only prove that the thing purchased has failed to perform in the manner in which it was intended to perform and that this failure was under conditions of normal use. Crawford v. Abbott Automobile Co., supra; J. B. Beaird v. Burris Bros., Ltd., 216 La. 655, 44 So. 2d 693 (1949); Fisher v. City Sales and Service, 128 So.2d 790 (La.App. 3 Cir., 1961); Bergeron v. Mid-City Motors, Inc., 162 So.2d 835 (La.App. 1 Cir., 1964)." (Ditta v. Polk Chevrolet, Inc., 196 So.2d 672, 674,675)
There is no evidence to show that the defendant knew of the vices in the thing sold, so defendant is only liable to restore the purchase price and to reimburse the expenses occasioned by the sale. Expenses of the sale proved were sales tax, license and title transfer fees, amounting to $34.25. LSA-C.C. Art. 2531.[1]
The defendant's agent arranged the financing of the car for plaintiff with a local loan company, and finance charges amounting to $202.52 are allowable. Cain v. Rapides Dodge, Inc., 207 So.2d 918 (La. App.3rd Cir. 1968), writs denied, 252 La. 163, 210 So.2d 51; Johnson v. H. W. Parson Motors, Inc., 231 So.2d 73 (La.App.1st Cir. 1970). Additionally, plaintiff is entitled to recover the total sum of $49.38 which he paid for the worthless repairs to the car.
Defendant's principal defense is that the sale was made without warranty and at the buyer's risk. In support thereof he relies on the following clause shown in extra fine print on the purchase order form. The clause provides:
"It is agreed and understood that no warranties of any kind or character, either expressed or implied are made by you of and concerning the car delivered to me, other than the usual manufacturer's warranties." (Exhibit J-1)
We are satisfied that at the time of the sale there was no specific agreement concerning the waiver of warranty of fitness of the automobile. To the contrary, plaintiff testified that he was told that the automobile was a good one except for certain repairs which defendant was to make as heretofore noted. Plaintiff also testified that at the time of the sale he was not aware that the document contained no guarantee, as defendant told him he would "stand behind the automobile." After the difficulties with the automobile developed, there is testimony that plaintiff was told that he would have to pay one-half the cost of warranty work, which is contrary to the small print provision in the buyer's order form.
*368 The identical clause was considered by the Fourth Circuit Court of Appeal in the case of Stumpf v. Metairie Motor Sales, Inc., 212 So.2d 705 (La.App.4th Cir. 1968), and disposed of in a manner of which we approve as follows:
"An exclusion or waiver of warranty by which parties take themselves out of the coverage of specific or general law and make a law unto themselves must be strictly construed. Harris v. Automatic Enterprises of Louisiana, Inc., 145 So.2d 335 (La.App.4th Cir. 1962). The Civil Code of Louisiana makes specific provision for the protection of buyers from vices and defects in things sold. These, we call redhibitory vices. The clear intent of the codal articles is that buyers have a right to assume that a thing, such as an automobile, is suitable for the purpose intended and they may safely rely upon this implied representation. To constitute a valid waiver of this protection of the codal law of this State, the waiver must be specific and unequivocal. The alleged waiver of warranty relied upon by defendant falls short of meeting this requirement and will not preclude plaintiff's right to an action in redhibition." (Stumpf v. Metairie Motor Sales, Inc., 212 So.2d 705, 711)
Lastly, we find no merit in defendant's contention that there was no tender of the automobile as a condition precedent to the action in redhibition. Implicit in counsel's letter to defendant for return of the purchase price was a tender of the automobile.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff's suit at his costs is reversed, and judgment is rendered in favor of plaintiff and against the defendant in the sum of $781.15, and costs to be paid by defendantappellee.
Reversed and rendered.
NOTES
[1] Article 2531 of the Civil Code reads as follows:

"The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses."