309 So.2d 373 (1975)
Loraine C. GRAYSON, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION et al., Defendants-Appellees.
No. 12514.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
Rehearing Denied April 1, 1975.
Writ Refused June 13, 1975.
Glen H. Smith, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley, by Richard H. Switzer, Shreveport, for General Motors Corp., defendant-appellee.
*374 Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., Shreveport, for Holmes Pontiac Co., Inc., defendants-appellees.
Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied April 1, 1975.
AYRES, Judge.
This is an action for the rescission of the sale and return of the purchase price of an automobile, as well as for damages for personal injuries and other losses resulting from an accident allegedly due to a defect in the car. From a judgment in favor of defendants, General Motors Corporation and Holmes Pontiac Company, Inc., manufacturer and vendor, respectively, of the automobile, rejecting plaintiff's demands and dismissing her suit, plaintiff appealed.
On May 26, 1972, plaintiff, Loraine C. Grayson, was traveling in a northerly direction on Louisiana Highway 175 from Frierson toward Shreveport when, as she entered a curve, the steering mechanism on her new 1972 Grand Prix Pontiac allegedly locked, causing the automobile to run off the road and into a ditch on the west side of the roadway.
On appeal plaintiff complains that the trial court erred in not finding that a redhibitory defect in the steering mechanism had been sufficiently proved to warrant a rescission of the sale of the automobile.
While in an action to set aside a sale on a plea of redhibition where complicated machinery is involved, it is not necessary for the buyer to seek out and prove the particular and underlying cause of the defect which makes the object sold unfit for its intended use, it is, however, his responsibility to allege and his burden to establish that such a defect exists. Glenn v. Caire, 164 So.2d 656 (La.App., 3d Cir., 1964) and the authorities therein cited. See, also: Rey v. Cuccia, 298 So.2d 840, 843 (La.1974).
Although plaintiff need not prove the underlying cause of the defect, it is clearly incumbent upon her to prove as a matter of fact that a defect in the steering mechanism existed. The trial court, after considering all the evidence, concluded that plaintiff did not meet this burden.
Plaintiff testified that just prior to reaching the scene of the accident she undertook to pass a trailer-truck, but when she attempted to return to the right lane of traffic she realized that her steering wheel was locked, making it impossible for her to turn her automobile in the direction of the curve and thus forcing her automobile off the road and into the ditch.
The testimony of the occupants of the trailer-truck, Shelton Iverson and Calvin Handthat they observed the rear end of plaintiff's automobile swerve somewhatis urged by plaintiff as support for the allegations that something was wrong with her car. James P. Coker, the driver of a pickup truck following the trailer-truck, also testified that plaintiff's automobile seemed to veer a little to the left. Defendants answer this assertion pointing out that it was raining and the pavement was wet and slippery, and that, although plaintiff denied applying her brakes, all three of the above-named eyewitnesses saw the brake lights go on indicating that plaintiff did apply her brakes. Thereafter, her car began to skid and eventually left the road. This accounted for the slight swerving or veering motion.
State Trooper Britt, who arrived at the scene to investigate the accident, stated that he was able to drive the automobile out of the ditch, at which time he found no difficulty with the steering.
Defendants presented the testimony of several witnesses who either observed or took part in the inspection and testing of plaintiff's automobile following the accidentDavid Holmes, who at that time was the service manager for Holmes Pontiac Company and supervised all mechanical and service work; Guy Harrell, an auto *375 mechanic; Ronnie Bennett of The Aetna Casualty and Surety Company, insurer of plaintiff's automobile; Edward McLean of the Pontiac Division of General Motors Corporation; and Marshall Watson of Watson Auto Repair Company. Holmes testified their inspection included every part of the steering apparatus that could be inspected without actually disassembling the mechanism, and that they discovered no defect or malfunction in the system. Holmes further stated that he, McLean, Harrell, and Bennett road tested the automobile on several occasions at various speeds and through various types of maneuvers, including a test during a heavy rain on a wet highway, but were unable to detect any malfunction in the steering mechanism.
Plaintiff maintains that these visual inspections were insufficient; that the steering mechanism components should have been disassembled and inspected. This was not necessary since none of defendants' witnesses found any cause for such action. Plaintiff presented no testimony in this regard. Plaintiff had the burden to establish that the steering mechanism malfunctioned and that such constituted an efficient, proximate cause of the accident. The trial court correctly concluded from the evidence that plaintiff failed to prove any malfunctioning of the steering mechanism and that the accident of which plaintiff complains resulted therefrom. The preponderance of the evidence is to the contrary, that the steering mechanism functioned properly, as it did when the state trooper drove the automobile out of the ditch and as it continued to do after extensive test driving performed by Holmes and the factory representative of General Motors.
For the above-stated reasons, the judgment appealed is affirmed at appellant's costs.
Affirmed.