345 So.2d 99 (1977)
EDELMAN SYSTEMS, INCORPORATED, et al.
v.
CAPITOL GMC, INCORPORATED, et al.
No. 11165.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Rehearing Denied May 9, 1977.
Writ Refused July 1, 1977.
*100 R. Gray Sexton, Baton Rouge, of counsel for plaintiff-appellee Edelman Systems, Inc.
John C. Miller, Gerald L. Walter, Jr., Baton Rouge, of counsel for defendant-appellant and third party defendant Capitol GMC, Inc.
Henry D. Salassi, Jr., Baton Rouge, John B. Noland of Breazeale, Sachie & Wilson, New Orleans, of counsel for defendant-appellant and third party defendant General Motors Corp.
William Luther Wilson, Baton Rouge, of counsel for third party defendant Beno Truck Equipment, Inc.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
In this suit, Edelman Systems, Inc. (Edelman), seeks to rescind the sale to it of a 1973 Chevrolet van-truck due to alleged redhibitory defects in the vehicle. Both the seller and the manufacturer are joined as defendants in the principal demand. The defendant-seller, Capitol GMC, Inc. (Capitol), filed third party demands against the manufacturer, General Motors Corporation (GMC), and Beno Truck Equipment, Inc. (Beno), the supplier and installer of additional accessory equipment.
The trial court granted judgment in favor of the plaintiff and against Capitol and GMC for a reduction of the sales price measured by the cost of repairs, and attorney's fees. The trial court maintained Capitol's third party demand against GMC but dismissed its claim against Beno after a new trial on that particular demand. Capitol and GMC appeal the decision; Edelman answers seeking a rescission of the sale *101 rather than a reduction in the sales price, and an increase in attorney's fees.
The principal contentions of appellants are that the trial court erred in holding that it is presumed that the vehicle was treated properly and not abused, and further erred in holding that the proof employed by appellee was sufficient to make out a prima facie case. These contentions raise the basic issue of whether appellee sustained its burden of proving that a redhibitory defect existed at the time of the sale.
Edelman Systems, Inc., purchased the van from Capitol on November 5, 1973, for the purpose of making long-distance deliveries of computer systems. Capitol contracted with Beno for the installation of various items of accessory equipment, most notably two saddle-type auxiliary gas tanks.
At trial the only witness called by the plaintiff was Don Outler, the field service manager, who introduced in conjunction with his testimony, various repair invoices pertaining to repairs made on the vehicle. Outler, however, had never driven the truck and had no personal knowledge of any defects, breakdowns, or repairs necessitated by such defects or breakdowns. The defendants stipulated to the authenticity of the repair invoices only to the extent that they evidenced that certain enumerated repairs were made on the subject vehicle at the cost indicated. The defendants objected to any hearsay regarding the existence of any defect mandating repairs not within the personal knowledge of Outler.
After offering the testimony of Outler and the repair invoices, plaintiff rested its case. The defendants rested without presenting any rebuttal evidence.
The plaintiff's burden of proof in redhibition cases is set forth in Louisiana Civil Code Article 2530 which provides:
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
Jurisprudentially, the necessary proof is articulated in Peters v. Pattison Pontiac Company, 259 So.2d 99 (La.App. 4th Cir. 1972), as follows:
"To maintain an action of redhibition, the plaintiff must prove that the vendor sold a thing to him, that the thing contained a hidden vice, not apparent by ordinary inspection, which subsequently rendered the thing unfit for use, that the vice existed at the time of sale, and that the vendor did not advise him of it." (259 So.2d at 101)
However, it is well settled that the plaintiff need not necessarily introduce expert testimony. As quoted with approval in Crawford v. Abbott Automobile Company, 157 La. 59, 101 So. 871 (La.1924):
"`It is not incumbent upon the buyer to seek out, allege and prove the particular and underlying cause of the defects which make the thing sold unfit for the purpose intended, particularly when the thing is a complicated piece of machinery; but it suffices if he alleges and afterward proves as a fact that such defects exist.'" (101 So. at 872)
While he need not prove the underlying cause of the malfunction, it is still necessary that he prove the existence of the malfunction at the time of the sale. Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Grayson v. General Motors Corporation, 309 So.2d 373 (La.App. 2nd Cir. 1975); Rey v. Cuccia, 298 So.2d 840 (La.1974); Cleveland v. Chrysler Motors Corporation, 259 So.2d 450 (La.App. 4th Cir. 1972); Crawford v. Abbott Automobile Company, supra. The defect, if proven, may in certain situations be presumed to have existed at the time of the sale. See Louisiana Civil Code Article 2530; Rey v. Cuccia, supra.
In the instant case, the defendants contend that part of the burden of proving that a defect does exist requires that the plaintiff show that the failure or defect manifested itself during normal use and that the vehicle was properly maintained and not subjected to abuse. The plaintiff *102 failed to prove that the mechanical problems occurred under normal use and that the vehicle was not subject to abuse. For the proposition that the trial court erred in holding that it is presumed that the vehicle was treated properly and not abused, defendants cite Clark v. McBride Dodge, Inc., 289 So.2d 841 (La.App. 4th Cir. 1973); Peters v. Pattison Pontiac Company, supra; Brown v. Mid City Motors, Inc., 248 So.2d 27 (La.App. 1st Cir. 1971); Ditta v. Polk Chevrolet, Inc., 196 So.2d 672 (La.App. 1st Cir. 1967).
Although we are tempted to treat this subject matter, particularly as to how the question of abuse is construed in its relationship to proof of the underlying cause of a defect in complicated machinery, we find it unnecessary to do so in the instant case. We do note, however, that unlike the present record in which the issue of abuse was not raised, in the cases relied upon by counsel for defendants, supra, the issue of abuse was before the trial court. It is either unclear as to how the issue was raised or, as in the Ditta case, it was raised by the defendants. We, therefore, seriously question the validity of defendants' assertion that the cited cases are authoritative for the proposition that in all redhibition actions a part of the burden of proving that a defect exists requires the plaintiff to show that the failure or defect manifested itself during normal usage and that the thing sold was properly maintained, i. e., that there was no abuse.
We now hold that the plaintiff herein did not establish a prima facie case of a redhibitory defect, and our decision is premised on the following reasons.
The plaintiff seeks to prove the existence of defects at the time of the sale by merely introducing numerous repair invoices covering approximately two and one-half years without any probative testimony, expert or lay, as to the nature of the defects necessitating the repairs. All of the repairs of any consequence were made by others than the defendants and the cause therefor is not within the knowledge of the defendants. No testimony was furnished as to the operation of the truck, mechanical problems, or maintenance. The trial court characterized the unusual presentation of the evidence as follows:
"* * * Apparently, the answer to this unusual presentation is that counsel for the plaintiff felt that he had established a prima facie case and was withholding his evidentiary hole cards for rebuttal. Defense counsel, on the other hand, further compounded this mystical situation by failing to submit any witnesses who were obviously familiar with servicing of the truck. Indeed, it appears that the defendants have taken the position that the entry of documentary evidence alone, without an expert explanation, is no proof at all. Consequently, the strategy employed by respective counsel leaves the Court with something less than desired in having to arrive at a decision based upon well worn and threadbare legal postulates such as burden of proof and presumptions instead of based upon a thorough presentation of all available evidence."
Because the burden is on the plaintiff initially to establish a prima facie case, the failure to establish such a case defeats his cause of action. The burden does not shift to the defendant until a prima facie case has been established by the plaintiff by a preponderance of the evidence. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (La.1971). The repair invoices merely establish that certain repairs were made and, as noted, were made essentially by third persons. Within the factual context of this case, fair inferences may be drawn from such repairs other than that they arose from defects in the vehicle existing at the time of the sale. For example, some of the repairs may have indirectly resulted from the accident in which the vehicle was involved. Other major repairs may have resulted from ordinary wear on the vehicle beyond the 12,000 mile warranty period. Still other major repairs may be attributed to improper work performed by third persons or from improper maintenance. To allow the plaintiff to establish *103 a prima facie case on such evidence places an undue burden on the defendant who has no personal knowledge of the repairs. Further, the failure of the plaintiff to call the drivers of the truck who had firsthand knowledge of the maintenance and mechanical problems of the truck results in an unfavorable presumption. Mid City Finance Company v. Coleman, 232 So.2d 918 (La.App. 4th Cir. 1970).
This Court recognizes that in some instances a prima facie case of redhibition may be established by the introduction into evidence of various repair invoices establishing the nature and cost of the work performed. However, such evidence must be carefully scrutinized and found to have warranted a predominant inference of a vice or defect existing at the time of sale. When other reasonable inferences of equal weight may be drawn from such documentary evidence as to the cause of malfunctioning, a prima facie case is not established. The quality of proof is dependent upon the peculiar facts and circumstances in each case. Here, we do not find that the proof offered was sufficient to sustain plaintiff's burden of proving that a redhibitory defect existed at the time of the sale.
For the foregoing reasons, the judgment of the trial court is reversed, at appellee's cost.
REVERSED AND RENDERED.