SWIFT, Judge.
In this redhibition action the plaintiff, Charles D. Richey, has appealed a judgment in favor of the defendant, General Motors Corporation. We affirm.
On November 14, 1975, Mr. Richey purchased a 1976 Chevrolet Blazer from Cagle Chevrolet, Inc., in Lake Charles, Louisiana. The motor vehicle had been manufactured by General Motors. In March of 1977 the plaintiff began to experience problems with its cooling system. He filed this redhibitory action on February 28, 1978, alleging that “casting sand” was left in the engine block at the time of manufacture which subsequently caused leaks at various points in the cooling system.
The trial judge dismissed the plaintiff’s suit against Cagle Chevrolet on an exception of prescription and the decision was not appealed. After trial on the merits, the trial judge ruled in favor of General Motors. The plaintiff filed a motion for new trial, which was' denied. From this judgment Mr. Richey has appealed.
The plaintiff asserts that the trial judge erred in concluding that he failed to prove by a preponderance of the evidence that the defects complained of existed before the sale.
Mr. Richey had no problems with the vehicle until March 29, 1977, more than sixteen months and about 33,000 miles of operation after the purchase. At that time he noticed a red rusty-looking fluid on the floor under the dashboard on the passenger side of the vehicle, which had leaked from the heater core assembly. Similar problems were experienced in November of that year, and in January, August, and November of 1978. The heater core, freeze plugs, water pump and hoses of the heating and cooling system were ultimately replaced.
The plaintiff contends that some casting sand used in the manufacture of the cooling system remained therein, which circulated through the system, pitting or corroding the water pump, radiator, tubes, heater core and soft plugs. While the plaintiff’s expert, Mr. Herman Sattler, supported this theory, he admitted that the corrosion he found in Mr. Richey’s vehicle could have been caused by rust that may have resulted either from leaving antifreeze in a vehicle for too long a period or from not using antifreeze. Mr. Richey admitted he changed the antifreeze only once in the sixteen month period between November 1975 and March 1977, but said that he added coolant frequently.
The defendant’s expert, Mr. Howard Davis, testified that any casting sand left in the motor would have settled to the bottom of the block. Further, the velocity of the flow of the coolant would not be sufficient to force the sand up through the top portions of the engine block and on through the cooling system. Mr. Davis further testified that when he took a sample of the coolant in Mr. Richey’s car in October, 1978, it contained no antifreeze. His opinion was *774 that lack of proper coolant protection was the cause of the rust in the radiator system.
Another expert, Mr. Charles McMichael, analyzed the liquid from the cooling system. His analysis revealed no excessive acidity that could cause corrosion. His opinion was that if there was corrosion on the engine block it had to come from some other source than casting sand.
Further analyses by the plaintiff’s expert, Dr. B. E. Hankins, revealed sand in only one of six tests performed on samples taken from the plaintiff’s vehicle.
The plaintiff traveled extensively in the Blazer. At the time of the trial, January 2, 1980, it had been driven almost 80,000 miles.
The burden is on the plaintiff to establish a prima facie case. Failure to do so defeats his cause of action. Edelman Systems, Inc. v. Capitol GMC, Inc., 345 So.2d 99 (La.App. 1 Cir. 1977).
Although it is not necessary for the purchaser to prove the particular and underlying cause of the defect in a complicated piece of machinery, he must prove the defect existed prior to the sale to be successful in a redhibitory action. Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3 Cir. 1975); Harris v. Drexler Motor Co., Inc., 339 S.2d 1304 (La.App. 1 Cir. 1976).
The trial judge was not convinced that the plaintiff had sustained his burden of proof, stating in his oral reasons for judgment:
“From the evidence presented to the Court, the Court cannot conclude that the problems in the vehicle cooling system resulted from a manufacturing defect; and, in fact, from the evidence presented the Court cannot determine what caused the problems in the heating and cooling system of the automobile which caused the water that was circulated to have a high portion of suspended solids. For this reason, the Court does not feel that from the evidence and does not find from the evidence that the plaintiff has proven by a preponderance of the evidence that the problems in the vehicle resulted from a manufacturing defect.”
From our careful review of the record, we cannot say that the trial judge’s finding was clearly wrong. Under the circumstances we must affirm. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For the foregoing reasons, the judgment of the district court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.