425 So.2d 333 (1982)
Wilmer JORDAN, Plaintiff-Appellee,
v.
SECURITY COMPANY, Defendant-Appellant.
No. 82-376.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*334 Gus Voltz, Jr. of Voltz & Ware, Alexandria, for defendant-appellant.
Kenneth Ray Rush, Oakdale, for plaintiff-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
LABORDE, Judge.
This appeal involves an action in redhibition filed by Wilmer Jordan against Harold Katz, d/b/a Security Company, seeking to rescind the sale of a Remington Model 1100 L.W. .410 automatic shotgun. The trial court granted judgment in favor of Jordan and against Security Company rescinding the $331.75 sale with legal interest from judicial demand, plus an attorney's fee of $300.00 and all costs of court. Security appeals. We conclude that Jordan failed to prove that the shotgun suffered from redhibitory defects within the contemplation of Louisiana Civil Code Article 2520, et seq. Hence, we reverse.
Jordan purchased the automatic shotgun from Security Company on October 2, 1980. In January, 1981, he brought the gun back to Security complaining that it was "hanging up". Security sent the gun to a gunsmith, Lee Stagg, in Pineville, Louisiana, who disassembled the gun for a visual inspection, reassembled it, test fired it, and returned it to Security finding "nothing wrong with it". The gun was returned to Jordan. Jordan returned the gun to Security three (3) or four (4) months later again complaining it was "hanging up". Security sent the gun to Jack Alexander, an authorized Remington gunsmith in Shreveport, Louisiana. Alexander examined the gun and found it to be in satisfactory working condition and returned it to Security. When Jordan came to Security to pick up his gun he refused to accept delivery claiming there were scratches on the trigger guard. In addition to refusing to accept delivery, Jordan refused to have the gun sent back to Alexander, the Remington gunsmith, and refused Security's offer to replace the trigger guard. A few weeks later Jordan picked up the shotgun and no further complaints were registered with Security until July 2, 1981, the day this suit was filed.
Judgment was rendered by the trial court in favor of Jordan rescinding the sale, and for $331.75 with legal interest thereon from date of judicial demand until paid, plus an attorney's fee of $300.00 and all costs of court.
Security advances seven (7) trial court errors. Since we are convinced that Jordan failed to carry his burden of proof as required by LSA-C.C. Art. 2520 et seq., we will address only that assignment of error.
The applicable law regarding actions in redhibition and vices of things sold is found in Section 3 of the Louisiana Civil Code beginning with Article 2520 which defines redhibition.
"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so *335 inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Article 2520 is limited by Article 2530 which provides:
"Art. 2530. The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
It is well settled that the plaintiff need not necessarily introduce expert testimony. As quoted with approval in Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871 (La.1924):
"`It is not incumbent upon the buyer to seek out, allege and prove the particular and underlying cause of the defects which make the thing sold unfit for the purpose intended, particularly when the thing is a complicated piece of machinery; but it suffices if he alleges and afterward proves as a fact that such defects exist.'" (101 So. at 872)
While he need not prove the underlying cause of the defect, it is still necessary that he prove the existence of the defect at the time of the sale. Edelman Systems Inc. v. Capital GMC., Inc., 345 So.2d 99, (La.App. 1st Cir.1977). "Vice or defect" as used in Article 2520 contemplated a physical imperfection or deformity; a lacking of necessary component or level of quality. Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8 (La.App. 3rd Cir.1980).
We hold that Jordan did not establish a prima facie case of a redhibitory defect, and our decision is premised on the following reasons.
Jordan's proof consisted of his own testimony and the testimony of his hunting partner, Porter L. Johnson. Jordan testified that he fired the gun one time and that it malfunctioned, i.e., "hung up" so he brought it back to Security. On the second occasion he used the gun, it fired three (3) times and "hung up" on the fourth shot. This testimony was confirmed by Porter L. Johnson. At the trial, an expert witness for Security testified that the gun was not defective solely because the gun "hung up". In his testimony he explained many ways in which the gun could malfunction in this manner without the gun being defective. He included in this list: operator error, short loading, improper maintenance and care, and intentional jamming. Therefore, the malfunctioning of the gun, i.e. "hanging up" in itself does not establish that the gun is defective.
Because the burden is on the plaintiff initially to establish a prima facie case, the failure to establish such a case defeats his cause of action. The burden does not shift to the defendant until a prima facie case has been established by the plaintiff by a preponderance of the evidence. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151, (La.1971). The testimony of Jordan and Johnson merely establish that the gun "hung up". Within the factual context of this case, fair inferences may be drawn from such malfunctions other than that the gun is defective. For example, the gun becoming "hung up" could have resulted from improper loading. To allow Jordan to establish a prima facie case on such evidence places an undue burden on Security who has no personal knowledge as to the acts preceding the malfunction. Hence, we find that the proof offered was insufficient to sustain Jordan's burden of proving that a redhibitory defect existed at the time of the sale.
For the foregoing reasons, the judgment of the trial court is reversed, at appellee's, Wilmer Jordan, cost.
REVERSED AND RENDERED.