457 So.2d 255 (1984)
COMMERCIAL UNION INSURANCE COMPANY, Plaintiff-Appellant,
v.
RYLAND DODGE & CHRYSLER, INC., Defendant-Appellee.
No. 83-881.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*256 Trimble, Percy, Smith, Wilson, Foote & Walker, Elizabeth E. Foote, Alexandria, for plaintiff-appellant.
G. Thomas Arbour, of Glusman, Moore & Wilkinson, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOMENGEAUX, Judge.
This is an action in redhibition by Commercial Union Insurance Company to rescind the sale of an automobile purchased from defendant-appellee, Ryland Dodge & Chrysler, Inc. Commercial Union brought this action as a subrogee of the rights of its insured, the owner of the automobile at issue. The trial court denied recovery and we affirm.
On February 11, 1982, June Armand purchased a 1978 Mercury Marquis from Ryland Dodge & Chrysler, Inc. On February 14, 1982, while she was driving the vehicle, a fire started under the hood and the vehicle burned to the point of rendering it a total loss. At the time of the accident, Commercial Union was Ms. Armand's collision insurer and paid her the sum of $3,500.00 for the loss of her vehicle. After trial on the merits, the Court ruled in favor of the defendant, stating that Commercial Union failed to allege and prove a special defect of any kind in the car which could be causally related to the fire. Neither the total loss of the vehicle nor Commercial Union's right to subrogate were in dispute.
On appeal, Commercial Union advances three trial court errors. Since we are convinced that plaintiff failed to carry its burden of proof as required by La.C.C. Art. 2520, et seq., we will address only that assignment of error.
The applicable law regarding action in redhibition and vices of things sold is found in Section 3 of the Louisiana Civil Code beginning with Article 2520 which defines redhibition.
"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not *257 have purchased it, had he known of the vice."
The application of Article 2520 is limited by Article 2530 which provides:
"Art. 2530. The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
It is stated in Crawford v. Abbott Automobile Company, Ltd., 157 La. 59, 101 So. 871 (1924) that:
"It is not incumbent upon the buyer to seek out, allege, and prove the particular and underlying cause of the defects which make the thing sold unfit for the purpose intended, particularly when the thing is a complicated piece of machinery; but it suffices if he alleges and afterwards proves as a fact that such defects exist."
It is well settled that a plaintiff need not prove the underlying cause of the defect but it is incumbent that he does prove the existence of a defect at the time of the sale. La.C.C. Art. 2530 and Edelman Systems, Inc. v. Capitol GMC, Inc., 345 So.2d 99 (La.App. 1st Cir.1977), writ denied, 347 So.2d 250 (La.1977).
Because the burden is on the plaintiff initially to establish a prima facie case, the failure to establish such a case defeats his cause of action. The burden does not shift to the defendant until a prima facie case has been established by the plaintiff by a preponderance of the evidence. Jordan v. Security Company, 425 So.2d 333 (La.App. 3rd Cir.1982).
We hold that Commercial Union did not establish a prima facie case of a redhibitory defect and thus his cause of action is defeated. As pointed out by the trial judge in his ruling:
"... there's no question that the car burned and there's no question that the owner was using it for her own affairs and the car certainly looked to be all right to everybody concerned, the dealer as well as the buyer and other people who had ridden in it. The problem here is that the plaintiff has some duty to suggest the cause of the fire, some defect, latent or obvious. The cause of this fire is completely unknown. It could have been a fire bomb put in there. I don't know. Neither does the lady who owned the car, to be honest with you. But, no defect of any kind has been suggested or proved by the plaintiff. The fire itself is not a defect. It certainly is a disaster. The fact that it was caused by a defect is possible, but none was proved. If you have a car that's losing oil, this is a tipoff that something is wrong. There's a defect. It may later cause a wreck or cause a total loss. The same thing with brake fluid. But, in this case there was nothing which suggests any defect of the vehicle itself. So, I'll give judgment to the plaintiff, excuse, me, judgment for the defendant."
A vice or defect as used in Article 2520 contemplates a physical imperfection or deformity: A lacking of necessary components or level of quality. Williams v. Louisiana Machinery Company, Inc., 387 So.2d 8 (La.App. 3rd Cir.1980). No such physical imperfection has been shown in this case. The testimony of Ms. Armand merely establishes that the automobile was destroyed by fire. Within the factual context of this case inferences other than that the car is defective may be drawn. For example, vandalism as pointed out by the trial judge.
A plaintiff need not introduce expert testimony to prove a defective product. Crawford v. Abbott Automobile Company, supra. However, he must at least allege and prove more than the fact that the product has been destroyed. To allow Commercial Union to establish a prima facie case on the evidence produced here places an undue burden on the seller who has no personal knowledge as to the acts proceeding the malfunction.
It is true as pointed out by the plaintiff that in cases such as here Louisiana Civil *258 Code Article 2530 provides that if the vice appears within three days after the sale it is presumed to have existed before the sale. But here no vice has been proven to have manifested itself at any point. All that has been proven is that the automobile has been destroyed by fire, whether by some vice or another intervening source. Hence, we find the proof offered was insufficient to sustain plaintiff's burden of proof that a redhibitory defect existed at the time of the sale.
For the foregoing reasons the judgment of the trial is affirmed. All costs of this appeal are assessed against the plaintiff, Commercial Union.
AFFIRMED.