CUTRER, Judge.
This is a suit in redhibition arising out of the purchase of a used 1979 Volvo automobile from defendant, Moss Motors, Inc. The plaintiff, Dale Credeur, also sued Volvo Corporation of America (Volvo), however, plaintiff’s claim against Volvo was dismissed pursuant to a compromise settlement. After plaintiff presented its evidence in the trial of the matter, the defendant moved for a dismissal. The trial judge took the case under advisement and later rendered written reasons for granting the defendant’s motion. The plaintiff appeals. We affirm.
The issue in this case is whether the plaintiff met his burden of proving that the Volvo contained a defect at the time of the sale.
FACTS
The plaintiff purchased the Volvo from defendant on December 21, 1981, for $6,995.00. The car had traveled 32,611 miles by the time of the sale. Three weeks later, the rear window shattered minutes after the plaintiff turned on the rear window defogger while driving on a cold night. The plaintiff’s insurer paid for this repair other than the $50.00 deductible. In March 1982, the plaintiff had to replace the timing belt at a cost of $145.00. A couple of days later the muffler had to be replaced at a cost of $75.55. Finally, sometime in May 1982, the plaintiff allowed his friend, Gary Ortego, to drive the car back to Lafayette from a trip they had taken to Baton Rouge. Just before the Butte Larose exit, the car started losing acceleration and stalled on the exit. The two were unable to start the car and “caught a ride home.” The next day, the plaintiff was able to start the car but, due to an engine noise, he slowly drove the car 15 miles to his home. He then called defendant but the defendant’s employee told him that they did not fix Vol-vos.
*761 Next, the plaintiff brought the car to Apple’s Foreign Car Repair (Apple’s) to ascertain the source of the engine noise. An employee of Apple’s concluded that the rod bearings around the crank shaft were badly worn and needed replacing. Due to the difficulty in acquiring specific repair parts, they were forced to rebuild the engine using both new parts and some of the existing parts. The costs of the repair was $2,769.80.
After the engine trouble developed, the plaintiff purchased an extended warranty insurance policy through Merrick Hebert at Moss Motors. Hebert acted as the agent for the insurance company that offered the policy. The policy covered the repair cost of the engine. The plaintiff did not have to pay for the repair of the engine. Five months after plaintiff authorized Apple’s to make the repairs, they returned the ear to him in good running condition. On December 16, 1982, plaintiff filed suit for rescission of the sale and return of the purchase price. In June 1983, the plaintiff purchased a new car, trading in the Volvo for $5,500.00. After the sale of the Volvo, the plaintiff pursued his claim on the basis of quantum minoris for the value of the repairs and other damages.
PLAINTIFF’S BURDEN OF PROOF
The plaintiff argues that the trial judge erroneously held that he failed to meet his burden of proof. In an action for a reduction in price, the purchaser must prove that the alleged defect diminished the value of the object of the sale and that the defect existed prior to the sale. Commercial Union Insurance Co. v. Ryland Dodge & Chrysler, Inc., 457 So.2d 255 (La. App. 3rd Cir.1984), our docket number 83-881; Broussard v. Breaux, 412 So.2d 176 (La.App. 3rd Cir.1982), writ den., 416 So.2d 115 (La.1982); LSA-C.C. articles 2544, 2530. It is not necessary for the plaintiff to “prove the particular and underlying cause of the defects ... when the thing is a complicated piece of machinery.” Commercial Union Insurance Co. v. Ryland Dodge & Chrysler, Inc., supra, quoting Crawford v. Abbott Automobile Company, Ltd., 157 La. 59, 101 So. 871 (La.1924). However, he still must prove the defect existed at the time of the sale. This proof must consist of direct or circumstantial evidence which gives rise to a reasonable inference that the defect existed at the time of the sale. Gamble v. Bill Lowrey Chevrolet, Inc., 410 So.2d 1155 (La.App. 3rd Cir.1981). The plaintiff’s failure to establish a prima facie case defeats his cause of action because the burden of proof does not shift to the defendant until a prima facie case has been shown. Commercial Union Insurance Co. v. Ryland Dodge & Chrysler, Inc., supra; Jordan v. Security Co., 425 So.2d 333 (La.App. 3rd Cir.1982).
The plaintiff proved the engine was defective after 6,000 miles of use, as the bearings in the crankshaft were badly worn. However, he failed to prove that the bearings were worn at the time of the sale. The testimony relied upon by the plaintiff concerning the time the defect arose was the testimony of Randy Apple, owner of Apple’s. He did no work on the engine. This was done by his mechanic, Allen Che. He testified that it was unusual for Volvos to have this problem with only 39,000 miles on them. He also testified that the rod bearings had worn out over a period of time as opposed to going out suddenly as a result of an insufficient oil flow to the crankshaft. The trial court apparently did not accept this testimony.
The mechanic who disassembled the engine and made the repairs was Allen Che, a man of 15 years of experience with foreign cars. He stated that the rod bearings were burned and this was due to the lack of proper lubrication. Improper lubrication could be caused by the failure to properly maintain the oil level or oil change, faulty oil pump or oil filter, or clogged oil hose. Che, however, did not examine these parts to ascertain if these were the sources of lack of lubrication of the bearings. His testimony in regard to the cause of. the problem was as follows:
“Q. Well, in your experience, actually, isn’t lubrication trouble the main *762 cause of excessive wear in these bearings?
“A. Right, the lubrication.
“Q. And that’s commonly known with the experienced mechanics, isn’t it?
“A. Excuse me?
“Q. I say, it’s common knowledge, mechanics generally understand that
“A. Right, I understand that.
“Q. ... when you get worn bearings, something went wrong with the lubrication somewhere ...
“A. The lubrication.
“Q. ... in the past?
“A. That’s common knowledge.
“Q. And I believe you said when you took the pan off here, though there was oil on it, it was black and used, it was not good oil?
“A. It was — it was black, you know.
“Q. It should have been changed some time earlier?
“A. Right.
“Q. And I believe you said there are all sorts of things can cause lubrication trouble, your breather thing can stop up,
“A. Yeah, right.
“Q. ... the pump might not work good ...
“A. The hose clogs up ... (Both speak together here)
“Q. ... the little hose that carries the oil in there can get partially stopped up?
“A. That’s right. '
“Q. Somebody may let the oil get too low?
“A. Un huh, that’s right.
“Q. Or run the car too hard and fast when the oil is low?
“A. Right.”
The testimony of Che reflects that the lack of proper lubrication was the source of the problem but he was unable to give an opinion as to when such lack of lubrication had occurred. Thus, the plaintiff has not shown that a defective condition existed when the car was purchased. It cannot be said that the trial court was manifestly erroneous in concluding that the plaintiff had failed to carry his burden of proof.
Plaintiff argues in brief that Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258 (La.App. 3rd Cir.1982) is on “all fours” with this case and its holding should be applied here. This court reversed the trial court’s dismissal of Tuttle’s demand for rescission of the sale of a used truck with 39,577 miles on it. The truck’s engine needed a complete overhaul just one and one-half months after he purchased it. Four months later, the engine required another complete overhaul. The seller completed this repair and within a short period after this, the crankshaft broke. The court held that the plaintiff proved a redhibitory defect existed at the time of sale. However, in the present case, the plaintiff failed to carry the burden of proof.
Plaintiff owned the car for six months and had driven approximately 6,000 miles without engine trouble. Once Apple’s repaired the engine, the car was in good running condition. The evidence fails to show that it is more probable than not that the bearing problem existed at the time of the sale. The plaintiff also proved that he previously replaced the back window, the timing belt and the muffler, but he introduced no evidence whatsoever that could lead one to reasonably infer that these problems existed prior to the sale.
For the above reasons, the trial court’s dismissal of plaintiff’s case is affirmed. Costs of this appeal are to be paid by plaintiff-appellant, Dale Credeur.
AFFIRMED.